IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SHERMAN E. ROBINSON                                                                    PLAINTIFF
Reg. #38689-179

V.                                       NO.  2:07cv00019 WRW-JWC

LINDA SANDERS, et al                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR  72201-3325

## **Recommended Disposition**

In September 2006, Plaintiff was incarcerated in the Special Housing Unit at the Federal Correctional Complex in Forrest City, Arkansas. He alleges that on September 4, 2006, he was assaulted by another inmate when he was placed in recreational cage #9 by Jane Doe Defendant #2 (see generally docket entry #8).[1] Plaintiff claims that this assault occurred because the other inmates in the cage had already been uncuffed when he was placed in the cage with cuffs still on. Plaintiff further alleges that Defendants knew they had placed him in the cage with an inmate he was to be separated from for disciplinary reasons. Once placed in the cage, this inmate immediately attacked Plaintiff. Plaintiff claims that Defendant Jane Doe #2 waited to radio for back-up and once back-up arrived, the officers looked on for a few minutes, failing to intervene to stop the assault. According to Plaintiff, the assault caused him cluster headaches and neck pain requiring medication for months after the attack. Plaintiff further claims that Defendant Sanders "allows

---

[1] Defendants are Warden Linda Sanders and four unknown officials.

systematic deficiencies in facilities and procedures in the Special Housing Unit which makes unnecessary suffering inevitable." Plaintiff contends that Defendants acted with deliberate indifference and that his constitutional rights to equal protection and to be free from cruel and unusual punishment were violated.

On July 5, 2007, Defendants filed a motion to dismiss and brief in support (docket entries #14, #15) seeking to dismiss Plaintiff's 28 U.S.C. § 1331 <u>Bivens</u> action[2] on the grounds that he has failed to exhaust his administrative remedies, he has failed to effect timely service of process on the Doe Defendants, and his claims are barred by the doctrine of sovereign immunity. By order entered July 6, 2007 (docket entry #16), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendants' motion. In addition, Plaintiff was advised that since Defendants had attached evidence to their brief, the Court may construe it as a motion for summary judgment.[3] Plaintiff was therefore advised that his response to Defendants' motion may include opposing or counteraffidavits, executed by him or other persons, which have either been sworn to under oath, <u>i.e.</u>, notarized, or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746.

---

[2] Because Plaintiff is a federal inmate alleging a constitutional violation against federal defendants, his claims are brought pursuant to <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal agents have a right to recover damages against the official in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

[3] <u>See</u> <u>Country Club Estates, L.L.C. v. Town of Loma Linda</u>, 213 F.3d 1001, 1005 (8th Cir. 2000) ("Under Rule 12(b), if, on a motion to dismiss, a party submits to the court material outside the motion, and the court does not exclude this material, the motion then becomes a motion for summary judgment under Rule 56 . . . . a party against whom this procedure is used . . . is normally entitled to notice that conversion is occurring. Only if he has such notice can he understand that the burden will be on him to produce affidavits, not merely allegations in pleadings, to rebut what has become a motion for summary judgment. The general rule in this Circuit is that 'strict compliance' with this notice procedure is required.").

Pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff was also advised to file a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial.

Plaintiff has filed a response and memorandum in support (docket entries #22, #23). He has also filed his own motion for summary judgment and declaration in support (docket entries #24, #25). Defendants have replied (docket entries #26, #27).

## I. Standard

Summary judgment[4] is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999). A moving party is entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23. To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e). A nonmovant has an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992

---

[4] Since Defendants submitted documentation which the Court relies upon, and since Plaintiff has previously been advised of same and responded to Defendants' motion, thus negating any potential claim of unfair surprise, Defendants' motion will be construed as one for summary judgment. Id. 56.

F.2d 162, 163-64 (8th Cir. 1993). A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).

## II.  Analysis

A federal inmate pursuing a Bivens action must exhaust all available administrative remedies prior to initiating a prison conditions lawsuit. The plain language of 42 U.S.C. § 1997e(a) mandates this result:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Id. (emphasis added). See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective'") (internal citations omitted); Sanders v. Jones, 73 Fed. Appx. 897 (8th Cir. Aug. 26, 2003) (unpub. per curiam) (citing Porter, 534 U.S. at 524; Graves v. Norris, 218 F.3d 884, 885-86 (8th Cir. 2000) (per curiam)) (pre-service dismissal without prejudice of federal inmate's Bivens action for failing to exhaust his administrative remedies affirmed). See also Booth v. Churner, 523 U. S. 731, 735 & 739 (2001) (recognizing that even federal inmates pursuing Bivens actions must complete any prison administrative procedure even if the procedure provides no provision for monetary relief; "one 'exhausts' processes, not forms of relief, and the statute provides that one must"); Ricks v. Peterson, 26 Fed. Appx. 588 (8th Cir. 2001) (unpub. per curiam) (federal inmate asserting Bivens claim against federal corrections officers based on inadequate conditions of confinement and mishandling of his privileged correspondence was required

to exhaust his administrative remedies prior to bringing suit); Eddy v. Keohane, 242 F.3d 374 (8th Cir. 2000) (unpub. per curiam) (affirming grant of summary judgment in Bivens action on the basis that federal prisoner failed to exhaust his administrative remedies as mandated by 1997e(a)).

Exhaustion of remedies requires the inmate to timely file and appeal each particular grievance through several administrative levels. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of § 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory"); see also Jones v. Bock, Nos. 05-7058 and 05-7142, 127 S. Ct. 910, 924-26 (Jan. 22, 2007) (rejecting the "total exhaustion" rule requiring dismissal of the complaint as a whole, concluding instead that courts should proceed with the exhausted claims in instances where the plaintiff has failed to exhaust some, but not all, of the claims asserted); Graves, 218 F.3d at 885 (holding that "all available prison grievance remedies must be exhausted as to all of the [plaintiff's] claims"); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001) (stating that "if administrative remedies are available, the prisoner must exhaust them," regardless of his subjective beliefs about their availability). Plaintiff was required to appeal his grievance(s) to the highest administrative level, the National Inmate Appeals Administrator. See BP Program Statement No. 1330.13, Admin. Remedy Program (Dec. 22, 1995).

As a federal inmate, Plaintiff is encouraged to first attempt resolution of his complaint informally by discussing the matter with a member of his Unit Team. 28 C.F.R. § 542.13(a). A record of that attempt is signed by the inmate and a member of the Unit Team. If informal resolution is insufficient to resolve the matter, Plaintiff must submit a

formal written Administrative Remedy Request (form BP-9) with the Warden within twenty calendar days following the date on which the basis for the Request occurred. Id. at § 542.14(a). This form is available from institution staff, ordinarily, correctional counselors. Id. at (c)(1). If the issue complained of is sensitive, Plaintiff may submit his Request directly to the appropriate Regional Director. Id. at (d)(1). If the Regional Administrative Remedy Coordinator determines that the Request is not sensitive, Plaintiff will be advised so in writing and may then pursue the matter by submitting an Administrative Remedy Request locally to the Warden. Id. If Plaintiff is not satisfied with the Warden's response, he may submit an Appeal (form BP-10) to the appropriate Regional Director within twenty calendar days of the date the Warden signed the response. Id. at § 542.15(a). If Plaintiff is not satisfied with the Regional Director's response, he may submit an Appeal (form BP-11) to the National Inmate Appeals Administrator, Office of General Counsel within thirty calendar days of the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal.

Plaintiff is entitled to obtain assistance from other inmates, institution staff, family members, or attorneys in preparing a Request or an Appeal. Id. at § 542.16(a). In addition, if Plaintiff can establish a valid reason for any delay in filing, an extension may be allowed. Id. at § 542.14(b).

Defendants contend that Plaintiff has not exhausted any administrative remedies since his incarceration with the Federal Bureau of Prisons and his case should therefore be dismissed in its entirety (see docket entry #15). According to evidence attached to Defendants' brief, since July 1, 1990, all administrative remedy submissions from each Bureau of Prisons' institution, region, and Office of the General Counsel have been

recorded and maintained in SENTRY, a computer-based information system available at each institution, region, and Central Office.  Any submission from an inmate, whether accepted or rejected at any level, is permanently recorded.  Plaintiff was committed to the custody of the Federal Bureau of Prisons on May 31, 2005.  On May 9, 2007, An Tran, attorney-advisor to the Federal Bureau of Prisons' Consolidated Legal Center, performed a search through the SENTRY information system to determine the number and type of administrative remedy submissions Plaintiff has filed.  According to these records, Plaintiff has submitted a total of four remedy requests or appeals.  Of the four, one was rejected due to filing deficiencies.  The remaining three pertained to three different matters and none were appealed to the highest administrative level.  The final submission, filed in January 2007, alleged staff misconduct in connection with an altercation in the Special Housing Unit recreation activity on September 4, 2006 (i.e., the incident that forms the basis of this litigation).  This submission was assigned remedy #440180-F1.  The Warden responded to Plaintiff's administrative remedy request on January 25, 2007, and Plaintiff never appealed that response (see docket entry #15, Declaration of An Tran).

Plaintiff asserts (docket entry #23) that he submitted a form BP-8 within two weeks of the assault and also spoke to Defendant Sanders who claimed to know nothing of the matter but agreed to check it out.  After waiting for a response, and after his release from the Special Housing Unit, unit team member counselor Phillips and unit manager Moore advised Plaintiff to bypass the BP-8 and to fill out a form BP-9, claiming they didn't know what had happened to the BP-8.  After forty days without response to the BP-9, Plaintiff submitted a federal tort claim.  Soon after Plaintiff received a response to his BP-9 stating that the information would be forwarded to the appropriate staff to be thoroughly

investigated. When Plaintiff heard nothing further, he did not pursue the matter. Upon denial of his federal tort claim, Plaintiff brought suit. Plaintiff contends that his administrative grievance was sufficient on its face to exhaust his administrative remedies. He further contends that his informal conversation with Defendant Sanders about the assault, his "misplaced" form BP-8, and the delayed responsiveness to his form BP-9 all demonstrate that he exhausted the only administrative remedies that were "available" to him and there was nothing more he could do. The Court disagrees.

First, the fact that Plaintiff received no response to his form BP-8 is not relevant. He was appropriately instructed to go ahead and submit a form BP-9 which he did. Second, although Plaintiff claims that it took at least forty days to receive a response to his form BP-9, he did receive a response stating that the information would be forwarded to the appropriate staff to be thoroughly investigated. Third, when Plaintiff heard nothing further in connection with the form BP-9, he failed to pursue the matter (i.e., he should have submitted an appeal to the form BP-9 response to the appropriate Regional Director (form BP-10)). This he did not do. In fact, he did nothing in furtherance of the exhaustion process and instead chose to file a federal tort claim. Defendants' evidence clearly establishes that the administrative exhaustion process was "available" to Plaintiff and that Plaintiff failed to complete it; therefore, dismissal is appropriate. For the foregoing reasons, Defendants' remaining arguments need not be addressed.

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' motion to dismiss (docket entry #14) should be GRANTED and Plaintiff's case should be DISMISSED in its entirety WITHOUT PREJUDICE.

2. All PENDING MOTIONS should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

DATED this 30th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE